No.  23-3216

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 31, 2023
DEBORAH S. HUNT, Clerk

COMMONWEALTH OF KENTUCKY,                )
                                         )
      Petitioner,                        )
                                         )
v.                                       )        O R D E R
                                         )
UNITED STATES ENVIRONMENTAL              )
PROTECTION AGENCY, et al.,               )
                                         )
      Respondents.                       )

Before:  COLE, McKEAGUE, and NALBANDIAN, Circuit Judges.

The Commonwealth of Kentucky seeks review of an Environmental Protection Agency
final agency action titled "Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015
8-Hour Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 9336 (Feb. 13, 2023)
("Final Rule"), in which it disapproved twenty-one states', including Kentucky's, state
implementation plans ("SIPs") for failing to meet certain requirements of the Clean Air Act.
Kentucky moves to stay enforcement of the Final Rule.  The Environmental Protection Agency
and its Administrator, Michael S. Regan (collectively, "EPA"), move for a fourteen-day extension
of time to respond to Kentucky's motion.  Kentucky opposes an extension.

"The purpose of [an] administrative stay is to give the court sufficient opportunity to
consider the merits of the motion for a stay . . . ." *Arizona v. Biden*, No. 22-3272, 2022 U.S. App.
LEXIS 9522, at *2 (6th Cir. Apr. 8, 2022) (order) (alteration in original) (quoting *Brady v. Nat'l*

*Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011) (order) (collecting cases)).  Although we have not adopted a standard for when an administrative stay is appropriate, *see Breeze Smoke, LLC v. Food & Drug Admin.*, No. 21-3902, 2021 U.S. App. LEXIS 32268, at *2–3 (6th Cir. Oct. 27, 2021) (order), other circuits "have held that the 'touchstone' of this analysis is whether an administrative stay is 'need[ed] to preserve the status quo," *Arizona*, 2022 US App. LEXIS 9522, at *2 (alterations in original) (quoting *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (order)).

Given the circumstances, an administrative stay of the Final Rule "is necessary to preserve the status quo and provide us with the opportunity to give 'reasoned consideration'" to Kentucky's motion to stay enforcement.  *See id.* at *3 (quoting *United States v. McGowan*, No. 20-1617, 2020 WL 3867418, at *1 (6th Cir. June 28, 2020) (order)).

Accordingly, an administrative stay of the Final Rule is **GRANTED** as to the disapproval of Kentucky's SIP pending our review of Kentucky's motion to stay enforcement.  The EPA's motion for a fourteen-day extension to respond to Kentucky's motion to stay is also **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk