# 23-3216(L) / 23-3225(Con)

# United States Court of Appeals for the Sixth Circuit

COMMONWEALTH OF KENTUCKY,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, ADMINISTRATOR, United States Environmental Protection Agency,

*Respondents*.

On Petition for Review of Final Action of the
United States Environmental Protection Agency
88 Fed. Reg. 9,336 (Feb. 13, 2023)

## MOTION FOR STATES OF NEW YORK, CONNECTICUT, DELAWARE, MARYLAND, MASSACHUSETTS, AND NEW JERSEY AND THE DISTRICT OF COLUMBIA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE IN SUPPORT OF RESPONDENTS

BARBARA D. UNDERWOOD
  *Solicitor General*
JUDITH N. VALE
  *Deputy Solicitor General*
ELIZABETH A. BRODY
  *Assistant Solicitor General*
MORGAN A. COSTELLO
CLAIBORNE E. WALTHALL
  *Assistant Attorneys General*
  *Environmental Protection Bureau*
    *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
28 Liberty Street, 23rd Floor
New York, New York 10005
(212) 416-6167

*(Counsel listing continues on signature pages.)*  Dated: June 16, 2023

# MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

New York, Connecticut, Delaware, Maryland, Massachusetts, New Jersey, and the District of Columbia (Proposed Amici) are States and municipal governments downwind of petitioner Commonwealth of Kentucky that are negatively affected by ozone-forming pollution from Kentucky sources. Proposed Amici seek to participate in this proceeding as amici curiae in support of respondents and in opposition to the stay motions filed by Kentucky and its Energy and Environment Cabinet (collectively, Kentucky) (Mot. of the Commonwealth of Ky. for a Stay Pending Review, No. 23-3216 (May 23, 2023), ECF No. 24-1; Pet'r's Mot. for Stay of Final Rule, No. 23-3225 (June 1, 2023), ECF No. 14-1) for the following reasons:

1.      Proposed Amici have sovereign and proprietary interests in public health and in the welfare of their residents and ecosystems, as well as in the protection of public parks, waterways, and other government property.

2.      The States among Proposed Amici have primary statutory authority and responsibility under the Clean Air Act to achieve compliance with national ambient air quality standards for ozone

(NAAQS or ozone standards) in their respective jurisdictions. Proposed Amici are also charged with reducing the deleterious impacts of ozone pollution on their residents and environment.

3.    Proposed Amici seek leave to file the attached amicus brief supporting respondents' opposition to Kentucky's motion for a stay pending appeal. Kentucky seeks to stay the U.S. Environmental Protection Agency's (EPA) disapproval of Kentucky's state implementation plan (SIP). *See* 88 Fed. Reg. 9,336 (Feb. 13, 2023). Kentucky's SIP purported to address Kentucky's interstate transport obligations under the Good Neighbor Provision of the Clean Air Act for the 2015 ozone standards by taking no additional action. A stay would delay or deny emissions reductions that the Proposed Amici need to attain or maintain the ozone standards in their jurisdictions, including in the New York Metropolitan Area.[*]

---

[*] The New York Metropolitan Area encompasses nine counties in New York, including all of New York City, twelve counties in New Jersey, and three counties in Connecticut, and is designated as a single nonattainment area for the 2015 ozone standards. *See* 42 U.S.C. § 7407(d)(1)(A)(i).

4. The proposed amicus brief explains why a stay should be denied, including because a stay would cause significant and irreparable harm to downwind States like Proposed Amici. Proposed Amici's participation cannot wait until full merits briefing of this action, should it occur, because of the irreparable harm that would result even from a stay at this stage.

5. The Court has previously allowed participation of amici curiae on a motion for preliminary relief. *See, e.g., Priorities USA v. Nessel*, 978 F.3d 976, 979 (6th Cir. 2020) (granting motion of election law scholars to file amicus brief on motion for emergency stay).

6. Proposed Amici's perspective as downwind States and municipalities affected by emissions from Kentucky sources will assist the Court in properly weighing the factors relevant to the pending stay motion—particularly the balance of the equities and public interest.

7. Proposed Amici have taken care to avoid repeating respondents' arguments to the extent we are able to do so in a nearly simultaneous filing, and make two main points in our proposed amicus brief.

8. First, the proposed amicus brief argues that a stay would cause significant irreparable harm to Proposed Amici. Staying Kentucky's SIP disapproval would delay or prevent EPA from implementing needed pollution reductions in the May-to-September 2023 ozone season, which has already begun. Specifically, Proposed Amici in the New York Metropolitan Area, Greater Connecticut Area, and Philadelphia Metropolitan Area need these reductions immediately to protect public health and to assist with downwind States' compliance with the 2015 ozone standards by the 2024 statutory deadline—compliance that is measured by ozone levels in 2021, 2022, and 2023. A stay would further delay the emissions reductions required under the Good Neighbor Provision, irreparably harming downwind States like Proposed Amici.

9. Second, the proposed amicus brief argues that Kentucky is unlikely to prevail on the merits of its petition for review because it has filed its petition in the wrong court. The Clean Air Act requires petitioners to file in the D.C. Circuit when, as here, they challenge an EPA action that is "nationally applicable" or "based on a determination of nationwide scope or effect." 42 U.S.C. § 7607(b)(1). Allowing Kentucky to proceed in this Court, rather than in the statutorily required forum,

would likely lead to confusion and inconsistent rulings on critical aspects of EPA's SIP disapproval—prejudicing Proposed Amici's interests in a uniform, national framework for addressing interstate ozone pollution, and preventing some Proposed Amici from attaining or maintaining the 2015 ozone standards.

10. For these reasons, a stay would allow Kentucky to continue sending harmful pollution into Proposed Amici in violation of the Good Neighbor Provision, thereby irreparably harming Proposed Amici, the health and welfare of their residents, and the public interest.

11. Proposed Amici respectfully request leave to file the proposed amicus brief.

Dated:  New York, New York
        June 16, 2023

                              Respectfully submitted,

                              LETITIA JAMES
                                *Attorney General*
                                *State of New York*
                              BARBARA D. UNDERWOOD
                                *Solicitor General*

MORGAN A. COSTELLO          JUDITH N. VALE
CLAIBORNE E. WALTHALL       *Deputy Solicitor General*
  *Assistant Attorneys General*
  *Environmental Protection Bureau*  */s/Elizabeth A. Brody\**
                                ELIZABETH A. BRODY
                                *Assistant Solicitor General*

                              Office of the Attorney General
                              28 Liberty Street, 23rd Floor
                              New York, NY 10005
                              (212) 416-6167
                              elizabeth.brody1@ag.ny.gov

(*Counsel listing continues on next page.*)

---

   \* Counsel for the State of New York certifies that the other parties listed in the signature blocks consent to this filing.

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*

*/s/Jill Lacedonia*
JILL LACEDONIA
*Assistant Attorney General*

165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Jill.Lacedonia@ct.gov

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*

*/s/ Vanessa L. Kassab*
CHRISTIAN DOUGLAS WRIGHT
*Director of Impact Litigation*
VANESSA L. KASSAB
*Deputy Attorney General*
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
christian.wright@delaware.gov
vanessa.kassab@delaware.gov

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*

*/s/ Joshua M. Segal*
JOSHUA M. SEGAL
*Special Assistant Attorney General*

200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6446
jsegal@oag.state.md.us

ANDREA JOY CAMPBELL
  *Attorney General*
  *Commonwealth of Massachusetts*

*/s/Jillian M. Riley*
JILLIAN M. RILEY
JOHN S. CRAIG
*Assistant Attorneys General*
*Environmental Protection Division*

One Ashburton Place
Boston, MA 02108-1598
(617) 963-2424
jillian.riley@mass.gov

7

MATTHEW J. PLATKIN
  *Attorney General*
  *State of New Jersey*

/s/Nell Hryshko
NELL HRYSHKO
*Deputy Attorney General*
*Division of Law*

25 Market Street, P.O. Box 093
Trenton, NJ 08625
(609) 376-2735
nell.hryshko@law.njoag.gov

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*

/s/ Caroline S. Van Zile
CAROLINE S. VAN ZILE
*Solicitor General*

400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 727-6609
caroline.vanzile@dc.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Oren L. Zeve, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this motion, the document contains 823 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

_/s/ Oren L. Zeve_

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: New York, NY
      June 16, 2023

                                           */s/ Elizabeth A. Brody*