

**U.S. Department of Justice**
Environment and Natural Resources Division

---

*Environmental Defense Section*  *Telephone (202) 598-6925*
*P.O. Box 7611*
*Washington, DC 20044*

February 16, 2024

VIA ELECTRONIC FILING

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202

    Re: Petitioners' January 11, 2024 Rule 28(j) Letter in *Kentucky v. EPA,* No. 23-3216 (6th Cir.)

Dear Ms. Stephens:

    Petitioners direct the Court to the Fourth Circuit's recent decision in *West Virginia v. EPA*, 90 F.4th 323 (Jan. 10, 2024), ECF No. 65, to support its venue argument. But Judge Thacker's dissent from that decision has the better of the argument. EPA's Disapproval is nationally applicable. Resp. Br. 32-42. The *West Virginia* majority opinion relies on an "illogical" interpretation of the Clean Air Act's venue provision that "conflates a 'nationally applicable' final action with one that is 'locally or regionally applicable' but 'based on a determination of nationwide scope or effect.'" 90 F.4th at 332 (Thacker, J., dissenting). Of the three distinct venue provisions in the Act, these are two independent avenues to centralized D.C. Circuit review. As Judge Thacker notes: "If a nationally applicable action was only one that was based on a determination of nationwide scope or effect, then there would need only be two venue provisions. But Congress made clear that there are three." *Id.*

    Judge Thacker explained why the Disapproval is nationally applicable: "it disapproves SIPs from 21 states across the country because those states all failed to comply with the Good Neighbor provision." *Id*. at 334; *see also id*. ("That the [Disapproval], on its face, applies to 21 states across the country is dispositive."). Respecting the divided motions panel's July 25, 2023, order in *this* case, Judge

Thacker explained why the panel "depart[s] from all relevant precedent without adequate justification or explanation" by "look[ing] instead to the nature of the challenges – the individual SIPs before them –" rather than the face of the Disapproval itself, which applied to 21 states. *Id*. at 335.

The Fourth Circuit majority also erred in concluding that EPA's decision "was based entirely on" state-specific circumstances and analyses. 90 F.4th at 329. EPA's action is based on a determination—indeed, multiple determinations—of nationwide scope or effect, which (coupled with EPA's published finding that it made such a determination) means that venue lies in the D.C. Circuit. Resp. Br. at 42-53.

Sincerely,
*/s/ Jeffrey Hammons*
Jeffrey Hammons

*Attorney for Respondents*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 331 words, excluding exempted portions.

Date: February 16, 2024    */s/ Jeffrey Hammons*
Jeffrey Hammons

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Letter was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: February 16, 2024    */s/ Jeffrey Hammons*
Jeffrey Hammons