**COMMONWEALTH OF KENTUCKY**
**OFFICE OF THE ATTORNEY GENERAL**

RUSSELL COLEMAN
ATTORNEY GENERAL

CAPITOL BUILDING, SUITE 118
700 CAPITAL AVENUE
FRANKFORT, KY 40601
(502) 696-5300
FAX: (502) 564-2894

March 19, 2024

Kelly Stephens
Clerk, United States Court of Appeals for the Sixth Circuit
540 Potter Stewart United States Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

*Filed Electronically*

    Re:    Response to Rule 28(j) supplemental citation of authority in *Kentucky v. EPA*, No. 23-3216 (6th Cir.)

Dear Ms. Stephens:

    Kentucky responds to EPA's supplemental citation of *Oklahoma v. EPA*, --- F.4th ---, 2024 WL 799356 (10th Cir. Feb. 27, 2024). There, the Tenth Circuit struck out on its own, disagreeing with this Court and the Fourth, Fifth, and Eighth Circuits about the proper venue to challenge the disapproval of a state implementation plan (SIP). *Id.* at *4. According to the Tenth Circuit, the appropriate venue depends entirely on whether EPA groups a SIP disapproval with enough other disapprovals that the package can be deemed "nationally applicable." *Id.* at *3. To the Tenth Circuit, an omnibus disapproval of SIPs from less than half the States with consistent reasoning suffices to make a rule nationally applicable. *Id.*

    There are numerous problems with this EPA-empowering approach to venue. To begin with, SIP disapprovals are inherently state-specific, as both the name SIP and the Clean Air Act (CAA) connote. 42 U.S.C. § 7410(a)(1), (k)(1)–(3). As this Court recognized, the "final action" under the CAA's venue provision is "EPA's denial of *Kentucky*'s SIP." Dkt. 39-2 at 4 (citation omitted). The Tenth Circuit mentioned this determinative point in a footnote. *Oklahoma*, 2024 WL 799356, at *3 n.6. And the Tenth Circuit accused this Court of adopting a "petition-focused approach" to venue. *Id.* at *4. This Court's ruling, however, was text-focused. Dkt. 39-2 at 4 ("What controls is the CAA, and the CAA is very clear: The relevant unit of administrative action here is EPA's individual SIP denials." (cleaned up) (citation omitted)).

In addition, the Tenth Circuit relied heavily on *ATK Launch Systems, Inc. v. EPA*, 651 F.3d 1194 (10th Cir. 2011). But the Tenth Circuit never mentioned the part of *ATK* that described a SIP as a "purely local action" that is "undisputably regional." *See id.* at 1199. Indeed, in holding that EPA action on a SIP is a "prototypical" local or regional action that may be challenged only in the proper regional circuit, then-Judge Kavanaugh cited this part of *ATK* for support. *Am. Rd. & Transp. Builders Ass'n v. EPA*, 705 F.3d 453, 455–56 (D.C. Cir. 2013).

Sincerely,

/s/ Matthew F. Kuhn

*Counsel for the Petitioner*

cc: Counsel of record