

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*  *Telephone (202) 598-6925*
*P.O. Box 7611*
*Washington, DC 20044*

May 17, 2024

VIA ELECTRONIC FILING

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202

    RE:   *Commonwealth of Kentucky, et al. v. U.S. Environmental Protection Agency, et al.*, Case Nos. 23-3216, 23-2335
Oral argument follow-up on EPA's use of 1 percent screening threshold

Dear Ms. Stephens:

On May 8, 2024, this Court held oral argument and the panel had questions about EPA's use of a 1 percent of the NAAQS ("1 percent") screening threshold for all 2015 ozone NAAQS Good Neighbor state submissions, not just those subject to EPA's Disapproval. Counsel for EPA offered to submit a letter outlining EPA's application of a 1 percent threshold to all state submissions.

For the 21 states covered by EPA's Disapproval, EPA proposed to use a 1 percent screening threshold and adopted that threshold in the final Disapproval. 88 Fed. Reg. 9336 (Feb. 22, 2023). EPA's rationale for this determination is at 88 Fed. Reg. at 9370-75 and Response to Comments ("RTC") at 295-300.[1] EPA found this was a determination of nationwide scope or effect. 88 Fed. Reg. at 9380-81; RTC at 392-93.[2]

The attached table contains a state-by-state summary of EPA's actions on 25 other 2015 ozone NAAQS Good Neighbor state submissions where EPA proposed and

---

[1] These pages of the RTC are not in the Joint Appendix but are part of the Administrative Record. Attachment 2 is a copy of these pages.
[2] These pages of the RTC are in the Joint Appendix at pages JA596-JA597.

adopted a 1 percent threshold in its final action on those submissions. Pennsylvania and Virginia are not included in the table because they never submitted a Good Neighbor submission to EPA.[3] Arizona, New Mexico, and Tennessee are not included in the table because EPA has yet to take final action on those three submissions.[4]

>Sincerely,
>*/s/ Jeffrey Hammons*
>Jeffrey Hammons
>
>*Attorney for Respondents*

**Attachments**
1. Table on EPA's Use of 1% Threshold for Good Neighbor Submissions
2. EPA's Response to Comments, Pages 295-300

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 341 words, excluding exempted portions.

Date: May 17, 2024                    */s/ Jeffrey Hammons*
                                       Jeffrey Hammons

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Letter was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: May 17, 2024                    */s/ Jeffrey Hammons*
                                       Jeffrey Hammons

---

[3] Because neither Pennsylvania nor Virginia submitted any Good Neighbor submission, EPA issued a Finding of Failure to Submit for those two states, 84 Fed. Reg. 66612 (Dec. 5, 2019), and promulgated federal implementation plans for them. 88 Fed. Reg. 36654 (June 5, 2023).

[4] On February 16, 2024, EPA proposed to partially disapprove and partially approve Good Neighbor submissions from Arizona, New Mexico, and Tennessee using a 1 percent threshold. 89 Fed. Reg. 12666, 12676 (Feb. 16, 2024); *id.* at 12680. EPA has not yet taken final action on that proposal.

# Attachment 1

## Table on EPA's Use of 1 percent Threshold for Good Neighbor Submissions

| Alaska | EPA proposed to approve Alaska's Good Neighbor submission using a 1 percent threshold. 84 Fed. Reg. 26041, 26045 (June 5, 2019). Alaska is geographically unique because it is not part of the lower-48 contiguous states and over 1,000 miles from the closest identified receptor in Sacramento, California. *Id*. EPA proposed to approve Alaska's submission because intervening states Washington and Oregon, which emit more ozone-precursor emissions than Alaska, contribute less than 1 percent to the Sacramento receptor, meaning Alaska must also contribute less than 1 percent. *Id*. EPA finalized that basis for approval. 84 Fed. Reg. 69331 (Dec. 18, 2019). |
|---|---|
| Colorado | EPA proposed to approve Colorado's Good Neighbor submission using a 1 percent threshold. 87 Fed. Reg. 27050, 27055-57 (May 6, 2022). EPA finalized that basis for approval. 87 Fed. Reg. 61249 (Oct. 11, 2022). |
| Connecticut | EPA proposed to approve Connecticut's Good Neighbor submission using a 1 percent threshold. 86 Fed. Reg. 48357, 48360-61 (Aug. 30, 2021). EPA finalized that basis for approval. 86 Fed. Reg. 71830 (Dec. 20, 2021). |
| Delaware | EPA proposed to approve Delaware's Good Neighbor submission using a 1 percent threshold, and EPA's review and rationale for approving Delaware's submission is found in the technical support document (TSD). 85 Fed. Reg. 7494, 7496 (Feb. 10, 2020). As explained in the TSD, EPA used a 1 percent threshold. TSD at 16.[5] EPA finalized that basis for approval. 85 Fed. Reg. 25307 (May 1, 2020). |
| District of Columbia | EPA proposed to approve the District of Columbia's Good Neighbor submission using a 1 percent threshold, and EPA's review and rationale for approving District of Columbia's submission is found in the technical support document (TSD). 84 Fed. Reg. 41942, 41943 (Aug. 16, 2019). As explained in the TSD, EPA used a 1 percent threshold. TSD at 17-18.[6] EPA finalized that basis for approval. 85 Fed. Reg. 5570 (Jan. 31, 2020). |

---

[5] A copy of the Delaware TSD can be downloaded from the docket at https://downloads.regulations.gov/EPA-R03-OAR-2019-0663-0005/content.pdf

[6] A copy of the District of Columbia TSD can be downloaded from the docket at https://downloads.regulations.gov/EPA-R03-OAR-2019-0362-0002/content.pdf

1

| | |
|---|---|
| Florida<br>Georgia<br>North Carolina<br>South Carolina | EPA proposed to approve Good Neighbor submissions from Florida, Georgia, North Carolina, and South Carolina using a 1 percent threshold. 86 Fed. Reg. 37942, 37943-46 (July 19, 2021). EPA finalized that basis for approval. 86 Fed. Reg. 68413 (Dec. 2, 2021). |
| Hawaii | EPA proposed to approve Hawaii's Good Neighbor submission using a 1 percent threshold. 86 Fed. Reg. 53571, 53572-73 (Sept. 28, 2021). Hawaii is geographically unique because it is not part of the lower-48 contiguous states and is 2,363 miles from the closest identified receptor in California. *Id*. at 53575. Because of the significant distance between Hawaii and the nearest receptor, EPA used California to illustrate why Hawaii would be below the 1 percent threshold to the closest California receptor. *Id*. at 53575-76. California is 2,263 miles to a receptor in Connecticut, which is about the same distance as Hawaii to the closet California receptor. *Id*. at 53576. California's modeled contribution to that Connecticut receptor was 0.03 ppb – below the 1 percent threshold of 0.70 ppb – meaning Hawaii's potential contribution to California's closet receptor would also be below the 1 percent threshold. *Id*. EPA finalized that basis for approval. 86 Fed. Reg. 73129 (Dec. 27, 2021). |
| Idaho | EPA proposed to approve Idaho's Good Neighbor submission using a 1 percent threshold. 85 Fed. Reg. 3874, 3878-79 (Jan. 23, 2020). EPA finalized that approval. 85 Fed. Reg. 65722 (Oct. 16, 2020). |
| Iowa | EPA proposed to approve Iowa's Good Neighbor submission using a 1 percent threshold. 87 Fed. Reg. 9477, 9483 (Feb. 22, 2022). EPA finalized that basis for approval. 87 Fed. Reg. 9336 (Feb. 13, 2023). |
| Kansas | EPA proposed to approve Kansas's Good Neighbor submission using a 1 percent threshold. 87 Fed. Reg. 7071, 7074-7075 (Feb. 8, 2022). EPA finalized that basis for approval. 87 Fed. Reg. 19390 (April 4, 2022). |
| Maine<br>New Hampshire | EPA proposed to approve Good Neighbor submissions from Maine and New Hampshire using a 1 percent threshold. 86 Fed. Reg. 30854, 30858-59 (June 10, 2021). EPA finalized that basis for approval. 86 Fed. Reg. 45870 (Aug. 1, 2021). |
| Massachusetts | EPA proposed to approve Massachusetts' Good Neighbor submission using a 1 percent threshold. 84 Fed. Reg. 40344, 40348 (Aug. 14, 2019). EPA finalized that basis for approval. 85 Fed. Reg. 5572 (Jan. 31, 2020). |
| Montana | EPA proposed to approve Montana's submission using a 1 percent threshold. 87 Fed. Reg. 6095, 6099 (Feb. 3, 2022). EPA finalized that basis for approval. 87 Fed. Reg. 21578 (April 12, 2022). |

| | |
|---|---|
| Nebraska | EPA proposed to approve Nebraska's Good Neighbor submission using a 1 percent threshold, and EPA's review and rationale for approving Nebraska's submission is found in the technical support document (TSD). 84 Fed. Reg. 20318 (May 9, 2019). As explained in the TSD, EPA used a 1 percent threshold. TSD at 6.[7] EPA finalized that basis for approval. 85 Fed. Reg. 21325 (April 17, 2020). |
| North Dakota | EPA proposed to approve North Dakota's Good Neighbor submission using a 1 percent threshold. 84 Fed. Reg. 36516, 36526-27 (July 29, 2019). EPA finalized that approval. 85 Fed. Reg. 20165 (April 10, 2020). |
| Oregon | EPA proposed to approve Oregon's Good Neighbor submission using a 1 percent threshold. 84 Fed. Reg. 7854, 7857 (Mar. 5, 2019). EPA finalized that basis for approval. 84 Fed. Reg. 22376 (May 17, 2019). |
| Rhode Island | EPA proposed to approve Rhode Island's Good Neighbor submission using a 1 percent threshold. 86 Fed. Reg. 51310, 51314 (September 15, 2021). EPA finalized that basis for approval. 86 Fed. Reg. 70409 (Dec. 10, 2021). |
| South Dakota | EPA proposed to approve South Dakota's Good Neighbor submission using a 1 percent threshold. 85 Fed. Reg. 29882, 29890 (May 19, 2020). EPA finalized that basis for approval. 85 Fed. Reg. 67653 (Oct. 26, 2020). |
| Vermont | EPA proposed to approve Vermont's Good Neighbor submission using at 1 percent threshold. 85 Fed. Reg. 18160, 18167 (April 1, 2020). EPA finalized that basis for approval. 85 Fed. Reg. 34357 (June 4, 2020). |
| Washington | EPA proposed to approve Washington's Good Neighbor submission using a 1 percent threshold. 83 Fed. Reg. 34813, 34815 (July 23, 2018). EPA finalized that basis for approval. 83 Fed. Reg. 47568 (Sept. 20, 2018). |
| Wyoming | EPA proposed to approve Wyoming's Good Neighbor submission using a 1 percent threshold. 88 Fed. Reg. 54998, 55003 (Aug. 14, 2023). EPA finalized that basis for approval. 88 Fed. Reg. 87720 (Dec. 19, 2023). |

---

[7] A copy of the Nebraska TSD can be downloaded from the docket at https://downloads.regulations.gov/EPA-R07-OAR-2019-0083-0014/content.pdf

# Attachment 2

## EPA's Response to Comments, pages 295-300

Document No. EPA-HQ-OAR-2021-0663-0083

*Response*

Our primary response to these comments is in Section V.B.7 of the preamble. Here we address in more detail several specific arguments raised by commenters.

The EPA disagrees with some commenters' assertion that the EPA's proposed approval of Iowa's SIP submission is proof the EPA previously viewed the 1 ppb alternative threshold was "adequate and approvable" in all instances, but subsequently changed position. As the EPA explained at proposal, the first proposal for Iowa specifically examined "state-specific circumstances" as contemplated by the August 2018 Memorandum. *See, e.g.*, 87 FR 66418 (citing 87 FR 9477 (Feb. 22, 2022)) Even if the EPA had finalized the Iowa approval on the basis of the first proposal, doing so would have been specific to Iowa's state-specific circumstances. The EPA evaluated each interstate transport SIP submission based on the merits of the arguments put forward in each SIP submission.  However, in all submissions that relied on the EPA's August 2018 memo—where that threshold would have been a dispositive basis to exclude the state from further analysis—the EPA determined the submissions did not provide the EPA with analysis specific to their state or the receptors to which its emissions are potentially linked. This is true even for Iowa's submission, as explained at proposal. *See, e.g.,* 87 FR 64418.

Other topics raised by these comments are addressed in the preamble in Sections V.A.4. (technical merits), V.A.5. (justification), V.A.6. (guidance), V.B.6. (PSD SILs), V.B.7. (basis for approval of Iowa's SIP), and in the following sections: Sections 1.2 (Guidance for SIP Submissions), 1.4 (Use of Updated Modeling), 1.6 (EPA Input During SIP Submission Development), 4.2 (Model Performance), 5 (Updates to Modeling and Changes in Linkages), 7.2 (Contributions), 10.3 (Cooperative Federalism and the EPA's Authority), 11.3 (Transport Policy), and 11.8 (Mobile Sources).

The EPA responds to specific issues raised by commenters about the appropriateness of an alternative contribution threshold for specific states:

Alabama

Alabama did not provide a sufficient technical analysis to justify the use of an alternative 1 ppb threshold in its submission. 87 FR 64423-25. Alabama's SIP submission simply states that ADEM agrees with EPA's rationale set out in the August 2018 memorandum that the amount of upwind collective contribution captured with the 1 percent and 1 ppb thresholds was generally comparable. But the August 2018 Memorandum anticipated that states would evaluate whether the alternative threshold was appropriate under their specific facts and circumstances, not that the use of the alternative threshold would be automatically approvable.

ADEM and Alabama Power Company (APC) et al. claim that 1 ppb is an appropriate contribution threshold to use for Alabama and conduct an assessment fashioned to emulate the EPA's assessment in the now withdrawn proposal related to Iowa. Concluding that 1 ppb is generally similar to 1 percent, they next examine the factors that the EPA considered in the now withdrawn proposal related to Iowa to conclude that 1 ppb is an appropriate contribution threshold for Alabama.

The EPA does not agree that this assessment justifies the use of a 1 ppb contribution threshold for Alabama. As an initial matter, ADEM did not supply anything like this analysis in their SIP submission. This highlights the potential unfairness we identified as a policy concern at proposal, in that allowing some states to attempt to justify alternative thresholds could result in inconsistent treatment of states

295

based on the quality of the analysis they conducted. Further, as EPA explained at proposal, there is an administrative cost to public agencies, including the EPA, in going through the burden of conducting this type of analysis for each state, or for each set of comments on SIP actions, where the difference being evaluated is merely between a 1% and 1 ppb threshold, and the objective of using 1 ppb for certain states and sources is to excuse themselves from further analysis, thus shifting the burden of addressing interstate transport onto other upwind states and the downwind home state. Further, although commenter attempts to replicate the *proposal* analysis for Iowa, we never finalized that analysis and withdrew it. The factors in that analysis do not constitute a final agency policy or precedent on how a state-specific, 1 ppb-threshold analysis should be conducted. At proposal for this state's disapproval and others included in this action, we explained that we would not be undertaking this analysis where states failed to conduct it themselves.

All of that said, we further conclude that these comments still fail, even under the terms of the Iowa-proposal factors, to justify the use of a 1 ppb threshold for Alabama. Alabama's contribution alone at the Denton County (Airport) and Harris County (Houston Bayland Park) receptors in Texas in the 2016v2 modeling represents about 6 and 7 percent respectively of the total upwind state contribution at either monitor. Further, the loss in capture of total upwind-state contribution at 1 ppb versus 1 percent at these receptors is not trivial and well exceeds the ~7% losses contemplated in the August 2018 memorandum. For example, as noted by these comments, two other states are identified with contribution to the Denton County, TX receptor between 1 percent of NAAQS and 1 ppb. If we were to approve a 1 ppb threshold, one of those state's contributions would go unaddressed as well (Tennessee), constituting a loss, when in addition to Alabama's, of about 18 percent of the upwind state contribution over 1 percent at this receptor. That value is more than twice the 7% loss of upwind contribution figure that was identified as *potentially* acceptable in the August 2018 memorandum. Further, the treatment of Arkansas in this analysis would discount the loss of its contribution to this receptor, solely on the basis of its linkage above 1 ppb to other receptors—the idea being that if Arkansas were required to make emissions reductions in relation to those receptors, then it might incidentally benefit this receptor. While the EPA proposed to consider contribution in this way in the Iowa proposal, this is actually not consistent with the way EPA has considered the relevance of incidental effects in prior transport actions such as CSAPR Update and the Revised CSAPR Update. Reliance on such incidental effects introduces an inequitable situation in which states may be able to evade good neighbor obligations in reliance on the incidental effects of other states' efforts. *See* 81 FR at 74550. The EPA cannot agree that it is appropriate to treat Arkansas' contribution to this receptor as irrelevant simply because it contributes above 1 ppb to other receptors. If Arkansas's contribution were to be included in this analysis, then the total loss of contribution at the Denton receptor (using 2016v2) is actually on the order of 25 percent of total upwind state contribution.

Turning to the 2016v3 modeling used for this final action, these results are reinforced. In the 2016v3 modeling Alabama is linked in 2023 to the modeling-based receptor in Galveston, Texas. The total collective contribution from all upwind states is 26 percent of total ozone at this receptor. Of the 5 upwind states linked to this receptor, 3 contribute between 1 percent and 1 ppb. Using a 1 ppb threshold would represent a loss of about 19 percent of the total upwind contribution above 1 percent. In addition, Alabama's contribution to this receptor represents 30 percent of the total contribution that would be lost using a 1 ppb threshold. In addition, in our final rule analysis we note that Alabama is also

296

linked to the Pilot Point violating-monitor maintenance-only receptor in Denton County, Texas at which the collective contribution from upwind states is 18 percent of the total ozone at this receptor in 2023. Of the 6 upwind states linked to this receptor, 4 contribute between 1 percent and 1 ppb. Using a 1 ppb threshold would represent a loss of about 41 percent of the total upwind contribution above 1 percent at the Denton Pilot Point receptor. In addition, Alabama's contribution to this receptor represents 25 percent of the total contribution that would be lost using a 1 ppb threshold.

As we explain in the proposals and in the preamble of the final action, interstate ozone transport remains a collective-contribution problem involving many smaller contributors, and so the effect of approving a 1 ppb threshold needs to be reviewed for its holistic impacts. In this case, we do not find that the record would support approving a 1 ppb threshold for Alabama, even if we were to apply the factors used in the withdrawn Iowa proposal. ADEM observes that "it is unclear how lower NOx emissions in the 2022 modeling resulted in higher concentrations relative to the 2021 modeling" despite "continued reductions in NOx." If ADEM meant to question the validity of EPA's modeling with this statement, the EPA responds to comments on model performance in Section 4.2. If ADEM meant to say "contributions" instead of "concentrations," the EPA addresses a similar comment in Section 7.2. In response to the claim that EPA ignored evidence in the record when evaluating Alabama's SIP submission, specifically APC's comments submitted on the draft SIP submission during the state's public notice and comment period, which were included as attachment to Alabama's submission, the EPA disagrees. As noted in the proposal, Alabama did not explicitly discuss the comments it received during their state public comment period from Alabama Power Company and Sierra Club; Alabama only identified one specific assertion from their state public comment period as part of their response to public comments. Additionally, because SIP submissions are required to include a compilation of public comments received, it is not notable that these comment letters were attached to Alabama's SIP submission. 40 CFR Part 51, Appx V, 2.1(h). Thus, the EPA determined that Alabama's June 21, 2022, SIP submission did not rely on the legal, technical, or policy arguments provided in comments except as expressly stated by Alabama. In their own comment on this action, Alabama did not indicate that the EPA's assumption of Alabama's intention regarding the purpose of the inclusion of the comments from Alabama Power Company and Sierra Club on the submission was incorrect. *See* EPA-R04-OAR-2021-0841-0033. It remains unclear what the state's view is of and whether and to what extent the comments from APC and Sierra Club constitute an expression of the state's own position on its submission. Therefore, the EPA believes that the commenter is mistaken that the APC and Sierra Club comments received during the state's public comment process were explicitly embraced by Alabama as part of the state's SIP submission package. The EPA evaluated the information the state put forth in the SIP submission package and those specific arguments the state specifically acknowledged as part of their final SIP submission package.

Arkansas

One commenter argues that Arkansas provided sufficient analysis in the state's SIP submission to justify a conclusion that a 1 ppb contribution threshold is appropriate for the state. The EPA disagrees. The EPA's August 2018 memorandum explained that a 1 ppb contribution threshold "may" be appropriate,[70] and that "air agencies should consider whether the recommendations in this guidance are appropriate

---

[70] August 2018 memorandum, page 4.

for each situation."[71] Arkansas did not do that. In the SIP submission, Arkansas Division of Environmental Quality (ADEQ) (1) concluded based on the EPA's nationwide collective contribution comparison of different thresholds in the August 2018 memorandum that 1 percent and 1 ppb are generally comparable, (2) asserted that the prevention of significant deterioration significant impact level are sufficiently analogous to Step 2 of the 4-step interstate transport framework to support 1 ppb, and (3) concluded that 40 CFR part 50, Appendix U supports truncating to 0 a value of 0.7 ppb (1 percent of the NAAQS). 87 FR 9798, 9804 (Feb. 22, 2022). Arkansas identified it contributed more than 1 percent of the NAAQS but less than 1 ppb to three receptors in Texas, 87 FR 9804, but none of its justifications for a 1 ppb contribution threshold were related to those receptors or Arkansas's contributions to them. The EPA is unpersuaded that any of Arkansas's arguments supported a conclusion that a 1 ppb threshold is appropriate for Arkansas. In response to Arkansas Environmental Federation's comment that EPA cannot disapprove a SIP submission on the basis of a state's use of alternate contribution threshold, the EPA notes that Arkansas's SIP submission identified Arkansas as contributing more than 1 ppb to one or more downwind receptors. 87 FR 9798, 9804 (Feb. 22, 2022). Thus, the difference between a 1 percent of the NAAQS threshold and a 1 ppb threshold is not meaningful to the conclusion that Arkansas is linked at Step 2, because Arkansas contributes more than 1 ppb to a downwind receptor in 2023 both in the modeling relied on by the state and in the additional modeling developed by EPA to inform both the proposed and final actions (2016v2 and 2016v3).

Kentucky

The EPA disagrees with Kentucky Division for Air Quality that Kentucky followed the August 2018 Memorandum. Kentucky identified that it contributed more than 1 percent of the NAAQS but less than 1 ppb to four receptors in Connecticut and Wisconsin (and more than 1 ppb to one receptor in Maryland), 87 FR 9504. Kentucky simply applied EPA's rationale presented in the August 2018 memorandum (i.e., that the amount of *nationwide* upwind collective contribution captured with the 1 percent and 1 ppb thresholds was generally comparable) without discussion or analysis specific to Kentucky or the receptors in Connecticut and Wisconsin, as anticipated in the August 2018 memorandum.[72] 87 FR 9509-9510. Given the absence of technical analysis to support the use of a 1 ppb threshold under the facts and circumstances relevant to Kentucky and its linked receptors, the EPA determines that Kentucky's submission does not provide a sufficient justification to support the use of a 1 ppb contribution threshold.

Louisiana

A commenter argues that a 1 ppb contribution threshold is appropriate for Louisiana, regardless of Louisiana's contributions of more than 1 percent of the NAAQS but less than 1 ppb to Milwaukee, Sheboygan, and Allegan because the contribution captured with the 1 ppb threshold at those sites would be 83.0%, 91.8%, and 94.2%, respectively. The EPA notes that Louisiana did not provide that information in its submission, and in the 2016v3 modeling for this final action, Louisiana is linked to 7 receptors in Texas, but is not linked to Milwaukee, Sheboygan, or Allegan in this updated modeling. However, the EPA disagrees with commenters that Louisiana's SIP submission supports a conclusion that

---

[71] August 2018 memorandum, page 1.
[72] *Id*. ("air agencies should consider whether the recommendations in this guidance are appropriate for each situation.")

298

a 1 ppb threshold is an appropriate contribution threshold for Louisiana for any receptor, because Louisiana's justification is flawed. The EPA's August 2018 memorandum explained that a 1 ppb contribution threshold "may" be appropriate,[73] and that "air agencies should consider whether the recommendations in this guidance are appropriate for each situation."[74] LDEQ's SIP submission attempted to justify the state's use of a 1 ppb threshold based on concerns over the use of a 1 percent threshold, namely alleging that it is an arbitrarily small value. *See* 87 FR 9798, 9811 (Feb. 22, 2022). In the EPA's view, a criticism of a threshold of 1 percent of the NAAQS does not constitute a state-specific justification for the use of an alternative contribution threshold. We have responded to various criticisms of the 1 percent threshold in Sections V.B.4.-V.B.7 of the preamble. Further, in the SIP submission, LDEQ identified Louisiana as contributing more than 1 ppb to one or more downwind receptors and so conceded Louisiana is linked at Step 2 in Louisiana's SIP submission. The difference between a 1 percent of the NAAQS threshold and a 1 ppb threshold is not meaningful to the conclusion that Louisiana is linked at Step 2 because Louisiana contributes more than 1 ppb to a downwind receptor both in the modeling relied on by the state and in the modeling relied on by EPA in this final action.

Oklahoma

The EPA disagrees with Oklahoma Department of Environmental Quality that Oklahoma's rationale for supporting the use of a 1 ppb contribution threshold is justified under the text of the August 2018 memorandum. The EPA's August 2018 memorandum explained that a 1 ppb contribution threshold "may" be appropriate,[75] and that "air agencies should consider whether the recommendations in this guidance are appropriate for each situation."[76] Oklahoma did not do that.

In its SIP submission, Oklahoma identified that the state contributed more than 1 percent of the NAAQS but less than 1 ppb to three receptors in Texas and Wisconsin. 87 FR 9817. Instead of considering whether a 1 ppb contribution threshold would be appropriate for Oklahoma as to these specific receptors, Oklahoma's SIP submission pointed to the EPA's PSD SILs Guidance. The EPA addresses comment related to the PSD SILs guidance in Section V.B.6. of the preamble. The EPA also does not agree with the blanket statement in the comment that the August 2018 memorandum supports a conclusion that 1 ppb contribution is appropriate for any state with "low contributions." Somewhat similar issues regarding Oklahoma are addressed in Section 11.3.

Tennessee

The EPA is not taking final action on Tennessee's submission at this time.

One commenter suggests that because Tennessee is linked to a single maintenance-only monitor in a single state above one percent compared to other upwind states linked to multiple nonattainment and maintenance receptors, this supports the consideration of a 1 ppb alternative threshold. To the extent this may be considered an issue more broadly relevant than just to Tennessee, EPA disagrees with the commenter's assumption that an upwind state's number of downwind linkages justifies an alternative

---

[73] August 2018 memorandum, page 4.
[74] August 2018 memorandum, page 1.
[75] August 2018 memorandum, page 4.
[76] August 2018 memorandum, page 1.

threshold. Tennessee's analysis of the number of upwind linkages does not provide evidence that a 1 ppb threshold would effectively capture an appropriate degree of upwind-state collective contribution, even if only to a single identified downwind receptor. The commenter also asserts that Tennessee's contribution to a downwind maintenance-only receptor is sufficiently marginal that an alternative threshold of 1 ppb should be considered. The EPA notes that the commenter does not clarify their definition of a marginal contribution in the context of a collective contribution problem, or why 1 ppb appropriately excludes "marginal" contribution in some way that 1 percent does not—indeed, as explained in Section V.B.7, while 1 ppb may be considered "similar" to 1 percent, it still causes some loss of upwind contribution from further analysis for elimination and in that respect would reflect a weakening of the Step 2 threshold for the more protective 2015 ozone NAAQS. No commenter has explained why this incongruity is an acceptable outcome in light of the purpose of the statute.

Utah

The EPA disagrees that Utah's SIP submission justified the use of a 1 ppb threshold pursuant to the August 2018 Memorandum.  The EPA reviewed the analysis UDAQ provided in its SIP submission and concluded that UDAQ did not adequately explain how a 1 ppb threshold would be justified with respect to Denver area receptors, as explained at proposal. 87 FR 31478. The difference between a 1 percent of the NAAQS threshold and a 1 ppb threshold is not meaningful to the conclusion that Utah is linked at Step 2, because Utah identified it contributes more than 1 ppb to four downwind receptors. Utah is also projected to contribute more than 1 ppb to one or more downwind receptors in the updated modeling developed by EPA to inform both the proposed and final actions (2016v2 and 2016v3).

The EPA does not agree that the recommendation it made in reviewing a pre-submission version of Utah's SIP submission, that UDAQ review the August 2018 memorandum, can reasonably be construed as an endorsement of the appropriateness of the 1 ppb threshold for the state of Utah.

### 7.5    Maintenance-Only Linkages

*Comment*

**Commenter:** Tennessee Department of Environment and Conservation

**Commenter ID:** 41

**Docket ID:** EPA-R04-OAR-2021-0841

**Comment:**

Tennessee contributes more than 1% of the NAAQS to <u>only one</u> maintenance-only downwind monitor.

[…]

EPA's proposed disapproval of Tennessee's Infrastructure SIP based on Prong 1of CAA §110(a)(2)(D)(i)(I) is without merit and has no factual basis or support because EPA does not allege that Tennessee emissions significantly contribute to nonattainment of the NAAQS in another state.